| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** |
| MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 225453-7<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee, successor by merger to LaSalle Bank, National Association as Trustee for Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE1 Trust |

**Order Filed on May 13, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In Re:<br><br>Robert McEady | Case No.: 17-28107-ABA<br>Chapter 13<br><br>Hearing Date: April 2, 2019<br>Time: 10:00 AM<br><br>Judge: Andrew B. Altenburg, Jr. |
|---|---|

## ORDER RESOLVING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

**DATED: May 13, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor,

Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as Trustee,

Successor in Interest to Bank of America, National Association as Trustee, successor by merger

to LaSalle Bank, National Association as Trustee for Washington Mutual Asset-Backed

Certificates WMABS Series 2007-HE1 Trust ("Mortgagee"), under Bankruptcy Code section

362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion

papers, and the parties having been represented by their respective counsel, Thomas G. Egner,

Esquire, for the Debtor, and for good cause shown, it is ORDERED as follows:

1.      The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force

and effect conditioned upon the terms and conditions set forth herein.

2.      Mortgagee is the holder of a mortgage which is a lien on real property owned by

Debtor known as and located at 19 Old Orchard Road, Cherry Hill, NJ 08003 (the "Property").

3.      The parties certify that there is a post-petition delinquency which is to be cured

pursuant to the terms of this Order, said delinquency consisting of the following:

| | |
|---|---|
| 2 Payments: 1/1/2019 – 2/1/2019 @ $2,384.63 | $4,769.26 |
| 2 Payments: 3/1/2019 – 4/1/2019 @ $2,430.69 | $4,861.38 |
| Suspense Balance | ($1,240.61) |
| **Total Post-Petition Arrears** | **$8,390.03** |

4.      Commencing on May 1, 2019, Debtor shall resume making regular monthly

mortgage payments currently in the amount of $2,430.69.

5.      Within five days of the entry of this Order, Debtor shall pay $4,769.26 to

Mortgagee. The payment of $4,769.26 will reduce the balance of the post-petition arrears to

$3,620.77.

6.      Debtor shall pay the balance of $3,620.77 to Mortgagee on or before April 30,

2019.

7.      All payments be mailed to Select Portfolio Servicing, Inc., P.O. Box 65250, Salt

Lake City, UT 84165-0250. Debtor shall reference the loan number on any and all payments

made pursuant hereto.

8.      Should Debtor's regular monthly payment amount change, Debtor shall be

notified of such change by Mortgagee, and the monthly payment amount due under the terms of

this Order shall change accordingly.

9.      In the event that Debtor is in default pursuant to the terms and conditions of this

Order for a period of thirty (30) days, or if any of the funds paid fail to clear for insufficient

funds or are dishonored for any reason, Secured Creditor may send Debtor and Debtor's Counsel

a written notice of default of this Order.  If the default is not cured within ten days of the date of

such notice, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by

submitting a Certification of Default to the Court indicating any such payment(s) more than

thirty (30) days in default.  In the event that a notice of default is forwarded, it is agreed that the

Secured Creditor may file a Certification of Default absent a full cure.

10.     A copy of any Certification of Default and the proposed order must be served

upon the Trustee, Debtor, and Debtor's counsel at the time of submission to the Court.  A

certificate of service shall be filed by counsel for Mortgagee evidencing same.

11.     In the event the instant bankruptcy case is converted to a case under Chapter 7,

Debtor shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from

the date of such conversion.  Should Debtor fail to cure said arrears within the ten (10) day

period, such failure shall be deemed a default under the terms of this stipulation and Mortgagee

may send Debtor and Debtor's counsel a written notice of default.  If the default is not cured

within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification

of Default with the Court, upon notice to the trustee, Debtor, and Debtor's counsel, and the Court

shall enter an Order granting relief from the Automatic Stay as to the Property.